Electronically Filed - City of St. Louis - November 06, 2020 - 03:05 PM

IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
STATE OF MISSOURI

| | | |
|---|---|---|
| TERRA CHAMBERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CASE NO.:   2022-CC00246 |
| vs. | ) | |
| | ) | DIVISION NO.:      1 |
| GURPREET PADDA, M.D., | ) | |
| INTERVENTIONAL CENTER FOR | ) | |
| PAIN MANAGEMENT, P.C., d/b/a | ) | **JURY TRIAL DEMANDED** |
| CENTER FOR INTERVENTIONAL | ) | |
| PAIN MANGEMENT, CYBER | ) | |
| DIAGNOSTIC MEDICINE, LLC | ) | |
| d/b/a HAMPTON OPEN MRI, and | ) | |
| LABTEST, LLC, d/b/a LABTEST | ) | |
| DIAGNOSTICS, | ) | |
| | ) | |
| Defendants. | ) | |

## FIRST AMENDED PETITION

COMES NOW Plaintiff Terra Chambers, by and through her counsel of record, and for her

First Amended Petition against Defendants, Gurpreet Padda, M.D., Interventional Center for Pain

Management, P.C., d/b/a Center for Interventional Pain Management, Cyber Diagnostic Medicine,

LLC, d/b/a Hampton Open MRI and Labtest, LLC, d/b/a Labtest Diagnostics, states as follows:

## PARTIES, JURISDICTON AND VENUE

1.      Plaintiff Terra Chambers ("Chambers") is a person who was aggrieved by

Defendants' actions.  She is and has been, at all relevant times, a citizen of the United States of

American and is currently residing in the County of St. Louis, State of Missouri.

2.      Defendant Interventional Center for Pain Management, P.C., d/b/a Center for

Interventional Pain Management ("ICPM"), is a corporation duly existing and organized under the

laws of the State of Missouri with its principal place of business at 5203 Chippewa Street, St. Louis,

Missouri 63109, State of Missouri.

Electronically Filed - City of St. Louis - November 06, 2020 - 03:05 PM

3.      Defendant Gurpreet Padda, M.D. ("Padda"), is a physician licensed to practiced medicine in the State of Missouri and was and is at all relevant times herein the owner and president of ICPM.

4.      Defendant Cyber Diagnostic Medicine, LLC, d/b/a Hampton Open MRI ("CDM") is a corporation duly existing and organized under the law of the State of Missouri with its principal place of business in the County of St. Louis, State of Missouri.

5.      Defendant Labtest, LLC, d/b/a Labtest Diagnostics ("Labtest") is a corporation duly existing and organized under the law of the State of Missouri with its principal place of business in the County of St. Louis, State of Missouri.

6.      This Court has subject matter over Plaintiff's causes of action pursuant to §478.070 R.S.Mo.

7.      Venue is proper in the Circuit Court for the City of St. Louis under §508.010 R.S.Mo. because the Defendants reside in the City of St. Louis, and because the tortious conduct and events described herein occurred in the City of St. Louis.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

8.      Plaintiff is a woman.

9.      Defendant ICPM is a "person" under the Missouri Human Rights Act, §213.010(14) in that ICPM is a corporation.

10.     Defendant ICPM is an "employer" under the Missouri Human Rights Act, §213.010(7), as ICPM is and was at all relevant times herein an organization employing six or more persons.

11.     Defendant CDM is a "person" under the Missouri Human Rights Act, §213.010(14) in that ICPM is a corporation.

Electronically Filed - City of St. Louis - November 06, 2020 - 03:05 PM

12.     Defendant CDM is an "employer" under the Missouri Human Rights Act, §213.010(7), as CDM is and was at all relevant times herein an organization employing six or more persons.

13.     Defendant Labtest is a "person" under the Missouri Human Rights Act, §213.010(14) in that ICPM is a corporation.

14.     Defendant Labtest is an "employer" under the Missouri Human Rights Act, §213.010(7), as Labtest is and was at all relevant times herein an organization employing six or more persons.

15.     At various times from 2008 to 2010, Plaintiff was an employee of ICPM and worked under the direction and supervision of Defendant Padda, who was a principal in and owner of ICPM at 5203 Chippewa Street in the City of St. Louis.  While working for ICPM, Plaintiff was assigned to work in a study commenced by the Alfred Mann Foundation ("AMF"), which work was at all times commissioned and controlled by Defendants Padda and ICPM.

16.     Defendants Padda and ICPM assigned Plaintiff to duties connected to the study and billed AMF for Plaintiff's time.  The AMF study lasted from 2012 to 2017, when it was closed down, but Padda and ICPM continued to bill AMF for Plaintiff's time closing down the project well into 2018.

17.     From 2012 to May 31, 2019, Plaintiff was also paid as an employee by Labtest, under an arrangement set up and maintained by Padda and ICPM, though Plaintiff never worked at Labtest facilities.  As a part of her activities at ICPM, Plaintiff would see and deal with patients Padda and ICPM who would be referred to Labtest for diagnostic studies.  Upon information and belief, Padda and ICPM arranged for Labtest to pay compensation to Plaintiff as a part of the compensation for the referral by Padda and ICPM of patients to Labtest.

Electronically Filed - City of St. Louis - November 06, 2020 - 03:05 PM

18.    From 2017 through 2018, Plaintiff was also paid as an employee by CDM, under an arrangement set up and maintained by Padda and ICPM, though Plaintiff never worked at CDM facilities. As a part of her activities at ICPM, Plaintiff would see and deal with patients of Padda and ICPM who would be referred to CDM for diagnostic studies. Upon information and belief, Padda and ICPM arranged for CDM to pay compensation to Plaintiff as a part of the compensation for the referral by Padda and ICPM of patients to CDM.

19.    Plaintiff's work at the direction of ICPM and Padda involved seeing patients, accompanying them to medical procedures where pain pumps were inserted, assisting in seeing patients during follow-up and otherwise assisting Padda and ICPM with patients in the study.

20.    At all relevant times, Plaintiff worked at the direction of ICPM and Padda, utilized computers and facilities provided by ICPM and Padda, and ICPM and Padda controlled the manner and means by which Plaintiff's product and work was accomplished. Specifically, (a) the skills required by Plaintiff were the same skills she used at all times in her employment with Padda and ICPM dating back to 2008; (b) ICPM and Padda had exclusive control over what work and projects to assign to Plaintiff and controlled all aspects of her work; (c) Padda and ICPM set the schedule and times at which Plaintiff was to work, which was geared to the patients of ICPM at the offices of Padda and ICPM; (d) the work that Plaintiff did was at all times the regular business of Padda and ICPM; which was in the business of seeing patients with chronic pain problems; and (e) Padda and ICPM could and did assign additional tasks to Plaintiff at their direction and discretion.

21.    At all times during Plaintiff's employment with ICPM and Padda, Padda engaged in unwelcomed, offensive conduct towards Plaintiff, based on gender, and the acts were part of a continuing violation and a pattern and practice of offensive conduct that continued throughout her employment until that employment ended on March 2019, and said conduct was severe and

4

Electronically Filed - City of St. Louis - November 06, 2020 - 03:05 PM

pervasive and  created a hostile work environment based on Plaintiff's status as a female.   Said conduct included:

    (a)     Padda hugged or placed his arm around Plaintiff;

    (b)    Padda slapped Plaintiff's buttocks;

    (c)    Padda grabbed and squeezed Plaintiff's buttocks;

    (d)    Padda grabbed and squeezed Plaintiff's breasts;

    (e)    Padda placed his hand down the front of Plaintiff's scrubs and came into contact with her and touched her genitals and buttocks;

    (f)    Padda would brush up against Plaintiff while not wearing underwear under his scrubs and rub his erection against her; and

    (g)    Padda exposed himself to Plaintiff.

22.    In addition to the foregoing, beginning in March of 2018, Padda forced and compelled Plaintiff to provide oral sex for him, and on several occasions, sexually penetrated Plaintiff from behind.

23.    Plaintiff was very offended and upset by these encounters but threatened Plaintiff with the loss of her work at the facilities of ICPM if she complained or reported Padda to the authorities.

24.    Defendant Padda knew that this conduct was offensive and unwelcomed.

25.    No action was taken by Padda, as Plaintiff's supervisor, to cease and desist from this unwelcomed, sexually harassing behavior towards Plaintiff, despite her being visibly upset by Padda's behavior and intimidated by the threats that she would lose her employment if she complained.

26.     Plaintiff reasonably believed that Padda was in a position to affect and terminate her employment and her work at the offices of ICPM, by terminating her work on AMF's work, or causing CDM and/or Labtest to stop paying Plaintiff for her work.

27.     Defendant Padda's conduct was sufficiently severe and persuasive so as to alter the terms and conditions of Plaintiff's employment by creating an offensive, intimidating and oppressive work environment.

28.     Padda's conduct toward Plaintiff would be offensive towards a reasonable person or victim.

29.     Plaintiff was forced to resign her position working at the facilities of Defendant ICPM in March, 2019 because of the hostile work environment and on or about May 31, 2019 left the employments with Labtest and CDM.

30.     On April 3, 2019, Plaintiff timely filed a Charge of Discrimination with the Missouri Commission on Human Rights charging that Defendant Padda had sexually harassed her and that she had been discriminated against while working for Defendant ICPM.

31.     On November 13, 2019, Plaintiff timely filed a Charge of Discrimination with the Missouri Commission on Human Rights charging that Defendant Padda had sexually harassed her and that she had been discriminated against while working for Defendants CDM and Labtest.

32.     The Missouri Commission on Human Rights issued a Right to Sue Letter on October 7, 2020 and this First Amended Petition is filed within 90 days of the issuance of said letter and the filing of this First Amended Petition relates back under Missouri Rule 55.33 to the filing of the original Petition in this case on February 4, 2020 and this claim is timely filed under Missouri Revised Statute 213.111 because it was filed within 2 years of the acts complained of, including continuing acts, and within 90 days of the Right to Sue letter.

Electronically Filed - City of St. Louis - November 06, 2020 - 03:05 PM

Electronically Filed - City of St. Louis - November 06, 2020 - 03:05 PM

## COUNT I – Violation of MCHR
### (Discrimination by Interventional Center for Pain Management, P.C.)

33.     Plaintiff incorporates by reference paragraphs 1 to 32, as if more fully set forth herein.

34.     Defendant ICPM, by Defendant Padda's conduct, was in violation of Missouri Human Rights Act, R.S.Mo. §213.055.

35.     Defendant ICPM's violation of the Missouri Human Rights Act was willful, wanton and malicious.

36.     As a direct and proximate cause of Defendant ICPM's conduct, Plaintiff has been damaged in that she has lost wages and other benefits of employment, suffered emotional distress, humiliation, embarrassment and loss of enjoyment of life.

WHEREFORE, Plaintiff prays for judgment in her favor against Defendant International Center for Pain Management, P.C. for compensatory and punitive damages in an amount that will fairly and adequately compensate Plaintiff, the exact amount to be proven at trial, but for certain in excess of $50,000, reasonable attorneys' fees and costs, and for such other relief as this Court deems just and proper.

## COUNT II – Violation of MCHR
### (Discrimination by Gurpreet S. Padda, M.D.)

37.     Plaintiff incorporates by reference paragraphs 1 to 36, as if more fully set forth herein.

38.     Defendant Padda's conduct violated the Missouri Human Rights Act, R.S.Mo. §213.055.

39.     Defendant Padda's violation of the Missouri Human Rights Act was willful, wanton and malicious.

Electronically Filed - City of St. Louis - November 06, 2020 - 03:05 PM

40.     As a direct and proximate cause of Defendant Padda's conduct, Plaintiff has been damaged in that she has lost wages and other benefits of employment, suffered emotional distress, humiliation, embarrassment and loss of enjoyment of life.

WHEREFORE, Plaintiff prays for judgment in her favor against Defendant Gurpreet S. Padda, M.D. for compensatory and punitive damages in an amount that will fairly and adequately compensate Plaintiff, the exact amount to be proven at trial, but for certain in excess of $50,000, reasonable attorneys' fees and costs, and for such other relief as this Court deems just and proper.

## COUNT III – Violation of MCHR
### (Discrimination by Cyber Diagnostic Medicine, LLC d/b/a Hampton Open MRI)

41.     Plaintiff incorporates by reference paragraphs 1 to 40, as if more fully set forth herein.

42.     Defendant CDM, by Defendant Padda's conduct, violated the Missouri Human Rights Act, R.S.Mo. §213.055.

43.     Defendant CDM's violation of the Missouri Human Rights Act was willful, wanton and malicious.

44.     As a direct and proximate cause of Defendant CDM's conduct, Plaintiff has been damaged in that she has lost wages and other benefits of employment, suffered emotional distress, humiliation, embarrassment and loss of enjoyment of life.

WHEREFORE, Plaintiff prays for judgment in her favor against Defendant Cyber Diagnostic Medicine, LLC d/b/a Hampton Open MRI for compensatory and punitive damages in an amount that will fairly and adequately compensate Plaintiff, the exact amount to be proven at trial, but for certain in excess of $50,000, reasonable attorneys' fees and costs, and for such other relief as this Court deems just and proper.

8

Electronically Filed - City of St. Louis - November 06, 2020 - 03:05 PM

**COUNT IV – Violation of MCHR**
**(Discrimination by Labtest, LLC, d/b/a Labtest Diagnostics)**

45.    Plaintiff incorporates by reference paragraphs 1 to 44, as if more fully set forth herein.

46.    Defendant Labtest, by Defendant Padda's conduct, violated the Missouri Human Rights Act, R.S.Mo. §213.055.

47.    Defendant Labtest's violation of the Missouri Human Rights Act was willful, wanton and malicious.

48.    As a direct and proximate cause of Defendant Labtest's conduct, Plaintiff has been damaged in that she has lost wages and other benefits of employment, suffered emotional distress, humiliation, embarrassment and loss of enjoyment of life.

WHEREFORE, Plaintiff prays for judgment in her favor against Defendant Labtest, LLC, d/b/a Labtest Diagnostics for compensatory and punitive damages in an amount that will fairly and adequately compensate Plaintiff, the exact amount to be proven at trial, but for certain in excess of $50,000, reasonable attorneys' fees and costs, and for such other relief as this Court deems just and proper.

**COUNT V**
**(Assault and Battery by Gurpreet S. Padda, M.D.)**

49.    Plaintiff incorporates by reference paragraphs 1 to 48, as if more fully set forth herein.

50.    Defendant Padda's touching of Plaintiff's body, buttocks, breasts and genitals was unwelcomed and offensive.

51.    Defendant Padda's unwelcomed touching of Plaintiff's body was willful, wanton and malicious.

9

Electronically Filed - City of St. Louis - November 06, 2020 - 03:05 PM

52.　　As a direct and proximate cause of Defendant Padda's conduct, Plaintiff has been damaged in that she has lost wages and other benefits of employment, suffered emotional distress, humiliation, embarrassment and loss of enjoyment of life.

WHEREFORE, Plaintiff prays for judgment in her favor against Defendant Gurpreet S. Padda, M.D. for compensatory and punitive damages in an amount that will fairly and adequately compensate Plaintiff, the exact amount to be proven at trial, but for certain in excess of $50,000, reasonable attorneys' fees and costs, and for such other relief as this Court deems just and proper.

## COUNT VI
### (Violation of Title VII Against Interventional Center for Pain Management, P.C.)

53.　　Plaintiff incorporates by reference paragraphs 1 to 52, as if more fully set forth herein.

54.　　Plaintiff has complied with all the jurisdictional prerequisites to action under Title VII of the Civil Rights Act of 1964 as follows:

a.　　On or about April 3, 2019, Plaintiff filed a written complaint of discrimination with the Equal Employment Opportunity Commission (hereinafter called "EEOC");

b.　　On September 16, 2020 EEOC issued its Right to Sue letter;

c.　　Plaintiff has filed this action within 300 days of the receipt of the notice of Right to Sue.

55.　　Jurisdiction of this Court is invoked under 42 U.S.C. §§2000e to 2000e-17 (race, color, gender, religion, national origin).

56.　　Defendant ICPM, by Defendant Padda's conduct, was in violation of Title VII of the Civil Rights Act of 1964.

57.　　Defendant ICPM's violation of Civil Rights Act was willful, wanton and malicious.

58.　　As a direct and proximate cause of Defendant ICPM's conduct, Plaintiff has been

Electronically Filed - City of St. Louis - November 06, 2020 - 03:05 PM

damaged in that she has lost wages and other benefits of employment, suffered emotional distress, humiliation, embarrassment and loss of enjoyment of life.

WHEREFORE, Plaintiff prays for judgment in her favor against Defendant International Center for Pain Management, P.C. for contemporary and punitive damage in an amount that will fairly and adequately compensate Plaintiff, the exact amount to be proven at trial, but for certain in excess of $50,000, reasonable attorneys' fees and costs, and for such other relief as this court deems just and proper.

## COUNT VII
### (Violation of Title VII Against Gurpreet S. Padda, M.D.)

59.     Plaintiff incorporates by reference paragraphs 1 to 58, as if more fully set forth herein.

60.     Plaintiff has complied with all the jurisdictional prerequisites to action under Title VII of the Civil Rights Act of 1964 as follows:

    a.     On or about April 3, 2019, Plaintiff filed a written complaint of discrimination with the Equal Employment Opportunity Commission (hereinafter called EEOC);

    b.     On September 16, 2020, the EEOC its Right to Sue letter;

    c.     Plaintiff has filed this action within 300 days of the receipt of the notice of Right to Sue.

61.     Jurisdiction of this Court is invoked under 42 U.S.C. §§2000e to 2000e-17 (race, color, gender, religion, national origin).

62.     Defendant Padda's conduct was in violation of Title VII of the Civil Rights Act of 1964.

63.     Defendant Padda's violation of Civil Rights Act was willful, wanton and malicious.

64.     As a direct and proximate cause of Defendant Padda's conduct, Plaintiff has been

Electronically Filed - City of St. Louis - November 06, 2020 - 03:05 PM

damaged in that she has lost wages and other benefits of employment, suffered emotional distress, humiliation, embarrassment and loss of enjoyment of life.

WHEREFORE, Plaintiff prays for judgment in her favor against Defendant Gurpreet S. Padda, M.D. for contemporary and punitive damage in an amount that will fairly and adequately compensate Plaintiff, the exact amount to be proven at trial, but for certain in excess of $50,000, reasonable attorneys' fees and costs, and for such other relief as this court deems just and proper.

## COUNT VIII
### (Violation of Title VII Against Cyber Diagnostic Medicine, LLC)

65.    Plaintiff incorporates by reference paragraphs 1 to 64, as if more fully set forth herein.

66.    Plaintiff has complied with all the jurisdictional prerequisites to action under Title VII of the Civil Rights Act of 1964 as follows:

a.    On or about November 14, 2019, Plaintiff filed a written complaint of discrimination with the Equal Employment Opportunity Commission (hereinafter called "EEOC");

b.    On September 16, 2020, the EEOC issued its Right to Sue letter;

c.    Plaintiff has filed this action within 300 days of the receipt of the notice of Right to Sue.

67.    Jurisdiction of this Court is invoked under 42 U.S.C. §§2000e to 2000e-17 (race, color, gender, religion, national origin).

68.    Defendant Cyber, by Defendant Padda's conduct, was in violation of Title VII of the Civil Rights Act of 1964.

69.    Defendant Cyber's violation of Civil Rights Act was willful, wanton and malicious.

70.    As a direct and proximate cause of Defendant Cyber's conduct, Plaintiff has been damaged in that she has lost wages and other benefits of employment, suffered emotional distress,

12

Electronically Filed - City of St. Louis - November 06, 2020 - 03:05 PM

humiliation, embarrassment and loss of enjoyment of life.

WHEREFORE, Plaintiff prays for judgment in her favor against Defendant Cyber Diagnostic Medicine, LLC for contemporary and punitive damage in an amount that will fairly and adequately compensate Plaintiff, the exact amount to be proven at trial, but for certain in excess of $50,000, reasonable attorneys' fees and costs, and for such other relief as this court deems just and proper.

## COUNT IX
### (Violation of Title VII Against Labtest, LLC)

71.     Plaintiff incorporates by reference paragraphs 1 to 70, as if more fully set forth herein.

72.     Plaintiff has complied with all the jurisdictional prerequisites to action under Title VII of the Civil Rights Act of 1964 as follows:

a.     On or about November 14, 2019, Plaintiff filed a written complaint of discrimination with the Equal Employment Opportunity Commission (hereinafter called "EEOC");

b.     On September 16, 2020, the EEOC issued its Right to Sue letter;

c.     Plaintiff has filed this action within 300 days of the receipt of the notice of Right to Sue.

73.     Jurisdiction of this Court is invoked under 42 U.S.C. §§2000e to 2000e-17 (race, color, gender, religion, national origin).

74.     Defendant Labtest, by Defendant Padda's conduct, was in violation of Title VII of the Civil Rights Act of 1964.

75.     Defendant Labtest's violation of Civil Rights Act was willful, wanton and malicious.

76.      As a direct and proximate cause of Defendant Labtest's conduct, Plaintiff has been damaged in that she has lost wages and other benefits of employment, suffered emotional distress, humiliation, embarrassment and loss of enjoyment of life.

Electronically Filed - City of St. Louis - November 06, 2020 - 03:05 PM

WHEREFORE, Plaintiff prays for judgment in her favor against Defendant Labtest, LLC for contemporary and punitive damage in an amount that will fairly and adequately compensate Plaintiff, the exact amount to be proven at trial, but for certain in excess of $50,000, reasonable attorneys' fees and costs, and for such other relief as this court deems just and proper.

Respectfully submitted,

**BUCHANAN, WILLIAMS & O'BRIEN, P.C.**

_____
James V. O'Brien, MO Bar #31161
Andrew S. Buchanan, MO Bar #53824
2240 S. Brentwood Blvd.
Brentwood, MO 63144
Telephone:  314-862-6865
Facsimile:  314-726-6488
E-Mail:       jobrien@bwoattorneys.com
                  abuchanan@bwoattorneys.com

*Attorneys for Plaintiff*

### CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing was sent via the Court's electronic filing system, this 5th day of November, 2020 to:

N. Scott Rosenblum
Rosenblum, Schwartz & Fry, P.C.
120 S. Central Ave., Ste. 130
Clayton, MO 63105
srosenblum@rsflawfirm.com
*Attorney for Defendants Gurpreet Padda, M.D.*
*and Interventional Center for Pain Management, P.C.*

Julie Z. Devine
Lashly & Baer, P.C.
714 Locust St.
St. Louis, MO 63101
jdevine@lashlybaer.com
*Attorney for Defendant Labtest, LLC*

14

Harjot S. Padda
Padda, Benner & Benner, LLC
3915 Brannon Ave.
St. Louis, MO 63109
jpadda@pbblawfirm.com
*Attorney for Defendant Cyber Diagnostic Medicine, LLC*

Electronically Filed - City of St. Louis - November 06, 2020 - 03:05 PM

15