UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TERRA CHAMBERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:20-cv-01617-SEP |
| | ) |
| GUPREET PADDA, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Before the Court is Plaintiff's Motion for Leave to File Second Amended Complaint. Doc. [33]. The motion is fully briefed. For the following reasons, the motion will be granted.

### LEGAL STANDARD

"Rule 15(a) governs the pretrial amendment of pleadings and states that where an amendment is not sought 'as a matter of course'—as defined by the Rule—'a party may amend its pleading only with the opposing party's written consent or the court's leave.'" *Hartis v. Chi. Title Ins. Co.*, 694 F.3d 935, 947-48 (8th Cir. 2012) (citing Fed. R. Civ. P. 15(a)(2)). The Court should freely give leave to amend a pleading when justice so requires. Fed. R. Civ. P. 15(a)(2). Parties do not have an absolute right to amend their pleadings, even under this liberal standard. *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715 (8th Cir. 2008). The decision to permit a party to amend its pleadings is left to the broad discretion of the district court. *Humphreys v. Roche Biomedical Lab'ys, Inc.*, 990 F.2d 1078, 1081 (8th Cir. 1993). "A district court appropriately denies the movant leave to amend if 'there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment.'" *Sherman*, 532 F.3d at 715 (quoting *Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc.*, 406 F.3d 1052, 1065 (8th Cir. 2005)). "[A] party's motion to amend should be dismissed on the merits only if it asserts clearly frivolous claims or defenses." *Gross v. Se. Hosp. Ass'n*, 2016 WL 7033753, at *2 (E.D. Mo. Dec. 2, 2016) (quoting *Gamma-10 Plastics, Inc. v. Am. President Lines, Ltd.*, 32 F.3d 1244, 1255 (8th Cir. 1994)).

#### DISCUSSION

Plaintiff moves to file a Second Amended Complaint to "clarify certain factual aspects of the case" by adding new factual allegations to existing claims  Doc. [33] ¶ 3.  These allegations include details about the manner in which Plaintiff was employed, her alleged employment "arrangement and scheme," and a list of complaints filed against Defendants Gupreet Padda and the Center for Interventional Pain Management, P.C. (CIPM) in state court, with the Missouri Commission on Human Rights, and with the EEOC.  Doc. [33-1] ¶¶ 15-16, 20-22, 47, 52.  Plaintiff also seeks to add vicarious liability as an alternative theory of liability for violations of the Missouri Human Rights Act (MHRA).  *Id.* ¶¶ 47, 53.

Defendants Padda, CIPM, and Lab Test filed memoranda in opposition to Plaintiff's proposed amendment.  Docs. [40], [43].  They contend that the amendment is futile because the Amended Complaint fails to state a claim and the new factual allegations do not remedy that deficiency.  Docs. [40] at 3; [43] at 2.  Lab Test also argues futility because the MHRA claim against it is untimely.  Doc. [40] at 2-3.  In reply, Plaintiff primarily argues that the amendment is not futile because the Court already denied Defendants' motions to dismiss the Amended Complaint.  Docs. [45] at 2; [46] at 1.  Plaintiff misunderstands the Court's rulings.  The Court denied Defendants' motions to dismiss the Petition (Doc. [6]) *as moot* in light of the filing of the Amended Complaint (Doc. [30]).  *See* Docs. [36], [37].  That does not amount to a finding that Plaintiff's Amended Complaint states a claim.  However, Plaintiff also contends that amendment should be permitted because the new factual allegations "do not change the overall character of the action" or "introduce any new causes of action."  Doc. [45] at 2.

As noted above, the standard for amendment of pleadings is liberal:  "The court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  A court may deny the amendment for a compelling reason such as undue prejudice, bad faith, or futility.  *Sherman*, 532 F.3d at 715.  Defendants do not claim that the new factual allegations are unduly prejudicial, or that Plaintiff has unduly delayed or is acting in bad faith; they assert no reason to deny the motion other than futility.  "Denial of a motion for leave to amend on the basis of futility 'means the district court has reached the legal conclusion that the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6) . . . .'"  *Zutz v. Nelson*, 601 F.3d 842, 850 (8th Cir. 2010) (quoting *Cornelia I. Crowell GST Tr. v. Possis Med., Inc.*, 519 F.3d 778, 782 (8th Cir. 2008)).  "Unless a proposed amendment is clearly frivolous or legally insufficient on its face, the

substantive merits of a claim or defense should not be considered on a motion to amend." *Schwend v. U.S. Bank, N.A.*, 2011 WL 5039812, at *3 (E.D. Mo. Oct. 24, 2011) (citing *Sterling v. Interlake Indus. Inc*., 154 F.R.D. 579, 589 (E.D.N.Y. 1994)).  While Defendants argue that the amendment fails to remedy existing pleading deficiencies, they have not sufficiently supported that claim to enable this Court to conclude that the Second Amended Complaint could not survive a motion to dismiss for failure to state a claim.  Nor have Defendants established that the new factual allegations are "clearly frivolous or legally insufficient on [their] face." *Schwend*, 2011 WL 5039812, at *3.  Thus, the Court cannot find that the amendment is futile.  *See, e.g.*, *Magee v. Trs. of Hamline Univ., Minn.*, 957 F. Supp. 2d 1047, 1069 (D. Minn. 2013) (amendment was not futile where defendants argued that new factual allegations failed to remedy pleading deficiency).

It is possible, of course, that Defendants will later persuade the Court that the Second Amended Complaint should be dismissed.  At present, though, because no "compelling reason" makes denial appropriate, *Sherman*, 532 F.3d at 715, justice requires this Court to grant Plaintiff leave to amend.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to File Second Amended Complaint (Doc. [33]) is **GRANTED.**

Dated this 25th day of February, 2021.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE

3